**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JONATHON D. CARVER, B87919,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00997-JPG** |
| | ) | |
| **BOB BUTLER, MARION, IL POLICE CHIEF, and CHRISTINA BURNS-HINES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Jonathon D. Carver, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Stateville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 against officials in Marion, Illinois. Plaintiff claims that local officials violated his rights under state and federal law when they registered him as an adult sex offender and then disclosed his duty to register to members of the public. (Doc. 1). He seeks money damages. *Id*.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and dismiss portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. 28 U.S.C. §§ 1915(a)-(b). The factual allegations in a *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 5-6): After relocating to Marion, Illinois in 2007, Plaintiff went to register as a sex offender. *Id*. at 5. Records

Custodian Christina Burns-Hines registered him as a convicted adult, even though he was adjudicated as a juvenile delinquent in Perry County on June 8, 2001. When Plaintiff asked about this, Supervisor Tracy Newton said, "If she marks any box other th[a]n juvenile delinquent don't sign it." *Id*. at 6. Newton then told Burns-Hines that "the only way Jonathon Carver can be registered as an adult is if he commits a sex crime as an adult." *Id*. Burns-Hines later disclosed Plaintiff's duty to register as a sex offender to two members of the public in violation of Illinois state law. She continued to harass and belittle him until June 2024.

Plaintiff was convicted for violations of the Illinois Sex Offender Registration Act in 2011 and 2014. *Id*. at 5-6. In 2014, a false conviction in Williamson County was entered into LEADS for one count of aggravated criminal sexual abuse involving a minor victim (< 9 years). The date of this false conviction was changed to 2004 when he filed *Carver v. Christopher Ray*.[1] Plaintiff attempted to resolve the matter informally by speaking with Marion's Chief of Police and Mayor,[2] and both individuals promised to look into it. *Id*.

**Preliminary Dismissal**

Tracy Newton is mentioned in the statement of claim but is not identified as a defendant in the Complaint. The Court will not treat this individual as a defendant, and all claims against Newton are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

**Discussion**

Based on the allegations in the *pro se* Complaint, the Court designates the following counts:

---

[1] Plaintiff filed multiple lawsuits against Christopher Ray dating back to 2019, and he does not identify which one triggered the alleged retaliation against him.
[2] Mayor Bob Butler is identified as this defendant, and Mayor Butler died on April 22, 2019. *See* https//www.binkleyrossfh.com/obituaries/mayor-emeritus-robert-l-butler-2 (site visited Sept. 30, 2026).

**Count 1:** Burns-Hines erroneously registered Plaintiff as an adult sex offender in or around 2007 and disclosed his duty to register to members of the public, in violation of Plaintiff's rights under Illinois state and/or federal law.

**Count 2:** Burns-Hines harassed and belittled Plaintiff from 2007 through June 2024, in violation of Plaintiff's rights under Illinois state and/or federal law.

**Count 3:** Unknown individual(s) entered a false conviction from Williamson County into LEADS for one count of aggravated criminal sexual abuse involving a minor victim (< 9 years) in 2014, in violation of Plaintiff's rights under Illinois state and/or federal law.

**Count 4:** Unknown individual(s) changed the date of the false conviction from Williamson County in LEADS to 2004 after Plaintiff filed *Carver v. Christopher Ray*, in violation of Plaintiff's rights under Illinois state and/or federal law.

**Count 5:** Marion's Chief of Police and Mayor Bob Butler agreed to "look into" the entry and/or modification of Plaintiff's false conviction from Williamson County in LEADS, in violation of Plaintiff's rights under Illinois state and/or federal law.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

**Counts 1, 2, and 3**

Plaintiff brings this action under 42 U.S.C. § 1983, which has no statute of limitations. *See* 42 U.S.C. § 1983. The Court borrows the statute of limitations that governs personal injury actions in the state where the injuries occurred. *See Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019). Plaintiff's injuries occurred in Illinois, where a 2-year limitations period applies to personal injury claims. 735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017). He was required to commence the action within two years of his injuries.

Counts 1, 2, and 3 were brought well beyond the applicable limitations period. Plaintiff's claims against Burns-Hines arose in 2007 when she erroneously registered him as an adult sex

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

offender, disclosed his duty to register to members of the public, and then harassed him for years. This, in turn, resulted in his 2011 and 2014 convictions for failing to register as a sex offender, followed by the alteration of his records in LEADS in 2014. Unspecified harassment by this defendant allegedly continued until June 2024. Plaintiff signed the Complaint on July 14, 2026 and filed it on July 23, 2026, which was more than a decade after most of these events occurred. He admittedly took no steps to exhaust his administrative remedies because the "issue doesn't involve the Illinois Department of Corrections." (Doc. 1, p. 4). Under the circumstances, Plaintiff has pleaded himself out of court for violating the applicable statute of limitations for Counts 1, 2, and 3, and these claims shall be dismissed with prejudice.

The Court previously dismissed these claims against Christina Burns-Hines in *Carver v. Burns-Hines, et al.*, No. 25-cv-001803-JPG (S.D. Ill. filed Sept. 19, 2025) (Doc. 10) (prior action). The Court screened them under 28 U.S.C. § 1915A and determined that they were time-barred. *Id*. Because the allegations clearly established a statute of limitations defense, the entire action was dismissed on January 7, 2026. (Doc. 10, pp. 3-4, prior action) (citing *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (a "district judge need not wait for an answer before dismissing a suit" when the existence of a valid affirmative defense "is so plain from the face of the complaint that the suit can be regarded as frivolous.")). The dismissal was *with prejudice*, which precluded future litigation of any claim encompassed by the prior action. *See White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021); *Torres v. Rebarchak*, 814 F.2d 1219, 1223 (7th Cir. 1987) (The phrase "with prejudice" means that "the judgment bars a later action."). Plaintiff is thus precluded from reasserting his claims against Burns-Hines in this lawsuit.

**Counts 4 and 5**

Counts 4 and 5 are also time-barred. Count 4 is a claim of retaliation that was triggered by Plaintiff's decision to sue Christopher Ray, and Count 5 is a claim against Marion's Chief of Police and Mayor Bob Butler for agreeing to "look into" the matter. (Doc. 1, pp. 5-6). Plaintiff did not indicate when either claim arose, but the Court can take judicial notice of public records and does so here to determine this date. According to court records,[4] Plaintiff filed more than one lawsuit against Christopher Ray, but he filed *only one* lawsuit against this defendant before Mayor Butler died on April 22, 2019, *i.e.*, *Carver v. Ray, et al.*, No. 19-cv-00831-JPG (S.D. Ill. filed July 31, 2019). Therefore, Counts 4 and 5 arose from events that occurred in 2019, well beyond the 2-year statute of limitations applicable to the claims. Both claims shall be dismissed with prejudice as being time-barred.

The Complaint clearly establishes that Plaintiff is not entitled to relief as a matter of law. *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citing *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006)). Although a plaintiff is not required to overcome an affirmative defense when pleading his claims in a complaint, dismissal is appropriate if the plaintiff alleges facts sufficient to establish a statute of limitations defense on the face of the complaint. *See Walker*, 288 F.3d at 1009-10. This action is time-barred and frivolous. Accordingly, the Complaint and entire action shall be dismissed with prejudice and count as a "strike."

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) and the entire action are **DISMISSED with**

[4] According to the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), Plaintiff filed the lawsuit against Christopher Ray on July 31, 2019 and voluntarily dismissed it *with prejudice* on April 27, 2020. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

**prejudice** as time-barred and frivolous. This dismissal counts as one of three "strikes" allotted to Plaintiff under 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/1/2026**

**J. PHIL GILBERT**
**United States District Judge**